UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWY KEITH,<br><br>         Plaintiff,<br><br>v.<br><br>CREDENCE RESOURCE MANAGEMENT, LLC,<br><br>         Defendant. | Case No.:  3:23-cv-02259-AJB-AHG<br><br>**ORDER GRANTING IN PART JOINT MOTION TO CONTINUE EARLY NEUTRAL EVALUATION CONFERENCE AND CASE MANAGEMENT CONFERENCE**<br><br>**[ECF No. 8]** |

  Before the Court is the parties' Joint Motion to Continue the Early Neutral Evaluation ("ENE") and Case Management Conference ("CMC") currently scheduled for March 21, 2024. ECF No. 8.

  Parties seeking to continue an ENE must demonstrate good cause. ECF No. 6 at 6 ("An ENE may be rescheduled only upon a showing of good cause"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"); *see* FED. R. CIV. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time").

  "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259

(9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Here, the parties represent to the Court that, due to Plaintiff's work schedule, Plaintiff can only attend conferences on Mondays (or after 4:00 p.m. on Tuesdays, Wednesdays, Thursdays, and Fridays). ECF No. 8 at 2; ECF No. 8-1 at 2. Accordingly, the parties request that both the ENE and CMC be continued to Monday March 25, 2024, or Monday April 1, 2024. ECF No. 8 at 2.

Upon due consideration, the Court finds good cause to **GRANT IN PART**[1] the joint motion. The Court **ORDERS** as follows:

1. Plaintiff must serve on Defendant a **written** settlement proposal, which must include a specific demand amount, no later than **March 27, 2024**. Defendant must respond to Plaintiff **in writing** with a specific offer amount by **April 9, 2024**. The parties should not file or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their Updated ENE Statements to the Court.

2. Counsel for the parties must meet and confer in person or via videoconference no later than **April 17, 2024**.

3. The ENE and CMC originally scheduled for March 21, 2024, are **RESET** to **May 6, 2024** at **9:30 a.m.** *via videoconference* before Magistrate Judge Allison H. Goddard. In accordance with the Local Rules, the Court requires attendance of all named parties, party representatives, including claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation via videoconference. CivLR 16.1(c)(1).

---

[1] Though the parties confirmed their own availability for March 25 and April 1, the parties did not confirm the Court's availability—and the Court does not have availability on those dates. Thus, the Court has continued the ENE and CMC for the first available date on its calendar.

A. **Purpose of the Conference:** The purpose of the ENE is to permit an informal discussion between the attorneys and the settlement judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case. All conference discussions will be informal, off the record, and confidential.

B. **Full Settlement Authority Required:** A party or party representative with **full and complete authority to enter into a binding settlement** must be present via videoconference. Full authority to settle means that a person must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001). **A person who needs to call another person who is not present on the videoconference before agreeing to any settlement does not have full authority.**

C. **Updated Confidential ENE Statements Required:** No later than **April 29, 2024**, the parties shall submit confidential statements of five (5) pages or less directly to the chambers of Magistrate Judge Goddard outlining the nature of the case, the claims, and the defenses. **These statements shall not be filed or served on opposing counsel.** They shall be lodged via email at efile_goddard@casd.uscourts.gov. The ENE statement is limited to **five (5) pages or less, and up to five (5) pages of exhibits or declarations.** Each party's ENE statement must outline:

    i. the nature of the case and the claims,

    ii. position on liability or defense,

    iii. position regarding settlement of the case with a **specific**[2]

---

[2] A general statement, such as that a party "will negotiate in good faith," is a not a specific demand or offer.

**demand/offer for settlement**,[3] and

    iv.    any previous settlement negotiations or mediation efforts.

D.    **Appearances via Videoconference Required:** All named parties, party representatives, including claims adjusters for insured defendants, as well as principal attorney(s) responsible for the litigation must attend the ENE via videoconference. All who attend the ENE must be legally and factually prepared to discuss and resolve the case. Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be subject to immediate imposition of sanctions.

E.    The Court incorporates the videoconference procedures set forth in ECF No. 6 at 4–5.

F.    No later than **April 29, 2024**, counsel for each party shall send an e-mail to the Court at efile_goddard@casd.uscourts.gov containing the following:

    i.    The **name and title of each participant**, including all parties and party representatives with full settlement authority, claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation;

    ii.    An **e-mail address for each participant** to receive the Zoom videoconference invitation;

    iii.    A **telephone number where each participant** may be reached; and

    iv.    A **cell phone number for that party's preferred point of contact** (and the name of the individual whose cell phone it is) for the Court to use during the ENE to alert counsel via text

---

[3] If a specific demand or offer cannot be made at the time the ENE statement is submitted, then the reasons as to why a demand or offer cannot be made must be stated. Further, the party must explain when they will be in a position to state a demand or offer.

message that the Court will soon return to that party's Breakout Room, to avoid any unexpected interruptions of confidential discussions.

G. All participants shall display the same level of professionalism during the ENE and be prepared to devote their full attention to the ENE as if they were attending in person, i.e., cannot be driving or in a car while speaking to the Court. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available.

H. Counsel are advised that although the ENE will take place on Zoom, all participants shall appear and conduct themselves as if it is proceeding in a courtroom, i.e., all participants must dress in appropriate courtroom attire.

**IT IS SO ORDERED.**

Dated:  March 14, 2024

_____
Honorable Allison H. Goddard
United States Magistrate Judge